ams

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  02-40114-04-JAR |
| ) | 04-3441-JAR |
| MARIO MONDRAGON-AVILEZ, ) | |
| ) | |
| Defendant/Petitioner. ) | |
| ) | |

## MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255

Defendant/Petitioner Mario Mondragon-Avilez filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence.  (Doc. 111.)  In his motion, petitioner maintains that his counsel was ineffective and that his sentence should be vacated in light of the Supreme Court's decision in *Blakely v. Washington*,[1] which struck down Washington's state sentencing scheme as violative of the Sixth Amendment right to a jury trial.  Petitioner maintains that the Federal Sentencing Guidelines (Guidelines) are similarly violative of the Sixth Amendment, and therefore his sentence is unconstitutional.  The Government did not respond to petitioner's motion.

After petitioner filed this motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Guidelines as incompatible with the Sixth Amendment.

---

[1]  542 U.S.__, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004).

[2]  543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

1

Consistent with the Supreme Court's guidance in *Blakely* and *Booker*, this Court denies petitioner's motion because neither *Blakely* nor *Booker* is retroactive to federal criminal cases that became final before the *Blakely* decision was handed down on June 24, 2004. The Court further denies petitioner's motion on the basis of ineffective assistance of counsel. The Court finds that the waiver of collateral attack in petitioner's plea agreement bars his ability to challenge counsel's effectiveness in failing to appeal his sentence. Furthermore, petitioner is unable to show that counsel was ineffective during the negotiation of his plea.

## I. Procedural Background

On May 16, 2003, petitioner pleaded guilty to one count of a three-count Indictment charging him with distribution of 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine. (Doc. 58.) Petitioner signed a plea agreement that states that he understood he faced a mandatory minimum sentence of five years for the offense of conviction. It states further that he understood "that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence the defendant will receive." Under the plea agreement, the parties agreed that the amount of methamphetamine that should be considered at sentencing, based on all relevant conduct, was 432.3 grams. The plea agreement includes a waiver of appeal and collateral attack. It states that petitioner "waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)." Attached to the plea agreement is a Petition to Enter Plea, signed

by the petitioner, which attests that the plea was made freely and voluntarily and that petitioner understood the waiver included in the plea agreement and the maximum sentence that may be imposed based on his plea.

At the plea hearing, petitioner stated on the record that he did not receive any "promises or assurances" that would have induced him into signing the plea agreement, other than what was contained in the agreement itself. He assured the Court that the decision to plead guilty was made voluntarily of his own free will. In addition, the Court twice explained to petitioner that for sentencing purposes, the Court may consider drug quantities in addition to the amount in the count pleaded to as relevant conduct if it finds that the information about other drug quantities is reliable and accurate. Petitioner twice stated on the record that he understood. Petitioner also stated on the record that he understood that the plea agreement included a waiver of appeal from the sentence unless the Court departs upward from the Guideline sentencing range.

Petitioner's sentencing hearing began on November 12, 2003. Counsel for petitioner objected to the presentence report because it attributed a higher drug quantity to the petitioner based on relevant conduct than the amount identified in the plea agreement. At the hearing, the petitioner testified regarding his knowledge of the drug amounts at issue and perjured himself by stating that he did not participate in any drug distribution. At that time, the Court stated that it would consider applying an adjustment to petitioner's offense level based on obstruction of justice, but continued the hearing.

The Court imposed petitioner's sentence on November 24, 2003. Prior to the hearing, petitioner submitted an affidavit to the Court, correcting statements he made under oath at the November 12 hearing. The Court did not apply an obstruction of justice adjustment to petitioner's

offense level, but did accept as reliable and accurate the information supporting the higher drug amount attributed to petitioner. The Court overruled the objections regarding drug quantity and assigned petitioner an offense level of 37 and a criminal history category of III. Under the Guidelines, the applicable sentencing range was 262-365 months. The Court sentenced petitioner to 262 months of imprisonment. Petitioner now asks the Court to vacate this sentence, arguing that it is unconstitutional under recent Supreme Court decisions and because his counsel was ineffective.

## II. Analysis

The Court will first address the applicability of the *Blakely* decision to Petitioner's case, then address the claim of ineffective assistance of counsel. Under 28 U.S.C. § 2255, the Court is required to conduct an evidentiary hearing "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."[3] The Court determines that the motion and files of this case are conclusive in showing that this petitioner is not entitled to relief on either ground asserted in his motion.

### *Retroactivity of Blakely*

Petitioner argues in his motion to supplement that his sentence is unconstitutional, citing *Blakely v. Washington*. *Blakely* represents an extension of the rule originally announced in *Apprendi v. New Jersey*, where the Court held, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."[4] In *Blakely*, the Court applied the rule and explained that the statutory

---

[3] *United States v. Kennedy*, 225 F.3d 1187, 1193 (10th Cir. 2000), *cert. denied*, 532 U.S. 943, 121 S. Ct. 1406, 149 L. Ed. 2d 348 (2001).

[4] 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed. 2d 435 (2000).

maximum under *Apprendi* "is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,"[5] which is not necessarily the same as the maximum punishment possible under statute.[6] On this basis, the Court struck down the Washington state sentencing scheme.

In the wake of *Blakely*, courts had grappled with the issue of whether the Guidelines were also unconstitutional since they required sentencing judges to make factual findings in a fashion similar to that under the Washington scheme.[7] The Supreme Court resolved this issue in *United States v. Booker*.[8] In two separate majority opinions, the Court decided first, that the mandatory nature of the Guidelines violates the Sixth Amendment for the same reasons that the Washington state scheme did in *Blakely*.[9] Second, the Court decided that the appropriate remedy for this constitutional infirmity is to excise the provision from the Sentencing Reform Act that requires district courts to apply the Guidelines.[10] Instead, the Court deemed the Guidelines advisory and explained that sentencing courts must now consider the sentencing goals as set forth in 18 U.S.C. § 3553(a).[11] The applicable standard of review under the new sentencing landscape is the reasonableness of the sentence.[12]

---

[5] *Blakely*, 124 S. Ct. at 2537 (emphasis in original).

[6] *Id.* at 2538.

[7] *See id.* at 2548-50 (O'Connor, J., dissenting).

[8] 543 U.S. __, 125 S. Ct. 738, 2005 WL 50108 (2005).

[9] *Booker*, 125 S. Ct. at 745 (Stevens, J.).

[10] *Id.* at 756 (Breyer, J.).

[11] *Id.* at 764.

[12] *Id.* at 765.

Because this is a collateral attack on a final sentence, the Court must determine if the rule announced in *Blakely* or *Booker* may retroactively apply to this petitioner. While the Supreme Court did state: "we must apply today's holdings–both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act–to all cases on direct review;"[13] the Supreme Court did not state whether its holding applied to cases on collateral review.

Prior to *Booker*, the Tenth Circuit held that *Blakely* did not apply to cases on collateral review.[14] The Tenth Circuit has recently conducted the necessary constitutional analysis and determined that *Blakely* does not apply retroactively to initial motions under 28 U.S.C. § 2255, despite the Supreme Court's holding in *Booker*.[15] Other circuits have similarly held that *Booker* does not apply to cases on collateral review.[16] The Court concludes that *Blakely* does not apply to Petitioner's case, as his conviction is now final and on collateral review.

### *Ineffective Assistance of Counsel*

---

[13] *Id.* at 769 (citing *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987)).

[14] *Leonard v. United States*, 383 F.3d 1146, 1147-48 (10th Cir. 2004); *United States v. Price*, No. 04-7058, 2004 WL 2905381, *4-5 (10th Cir. Dec. 16, 2004); *cf. United States v. Leonard*, No. 04-6197, 2005 WL 139183, *2 (10th Cir. Jan. 24, 2005) ("New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. . . . Thus, *Blakely*, as well as the Supreme Court's more recent decision in *United States v. Booker* . . . have no applicability to Leonard's sentence.").

[15] *United States v. Price*, __F.3d__, No. 04-7058, 2005 WL 535361, at *4 (10th Cir. Mar. 8, 2005). The Tenth Circuit has recently denied certification for successive § 2255 motions because "the rule announced in *Booker* is not retroactive," therefore it does not satisfy the requirement for a valid successive motion. *Bey v. United States*, __F.3d__, No. 05-3051, 2005 WL 469667, at *2 (10th Cir. Mar. 1, 2005); *United States v. Lucero*, No. 04-2131, 2005 WL 388731, at *2 (10th Cir. Feb. 18, 2005).

[16] *Humphress v. United States*, 398 F.3d 855, 863 (6th Cir. 2005); *Varela v. United States*, __F.3d__, No. 04-11725, 2005 WL 367095, at *4 (11th Cir. Feb. 17, 2005); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *cf. Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (second or successive motion); In re *Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (same).

Petitioner argues that his counsel was ineffective.[17]  In order to succeed on a claim of ineffective assistance of counsel, petitioner must meet the two-prong test set forth in *Strickland v. Washington*.[18]  Under that test, petitioner must first show that counsel's performance was deficient because it "fell below an objective standard of reasonableness."[19]  Second, he must show that counsel's deficient performance actually prejudiced his defense.  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'"[20]  Petitioner advances four arguments as to why his counsel was ineffective: (1) counsel did not advise him to withdraw from the plea agreement when the Government "withdrew from plea negotiations;" (2) counsel coerced him into signing the affidavit retracting his testimony at the sentencing hearing; (3) the Government violated the terms of the plea agreement when it determined that petitioner was not providing enough information about other offenses; and (4) counsel failed to appeal properly preserved issues.

### 1. Waiver of Appeal and Collateral Attack

Petitioner's plea agreement contains a waiver of appeal and collateral attack clause.  The Court must first determine if Petitioner waived his right to collateral relief under his plea agreement.  Such waivers are enforceable when they are explicitly stated in the plea agreement, and when the plea and

---

[17] Petitioner's claim concerns counsel Richard Jones, who entered an appearance in the criminal proceeding on November 22, 2002. (Doc. 39.)

[18]   466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).

[19]   *Id.* at 688, 104 S. Ct. at 2064-65.

[20]   *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

waiver are both made knowingly and voluntarily.[21] Here, the waiver is explicitly stated in the written plea agreement and petitioner twice stated on the record that he understood that the plea agreement included this waiver. Petitioner does not challenge the voluntariness of the plea.

In order to survive the waiver, (1) there must be a basis for a claim of ineffective assistance of counsel, and (2) the ineffectiveness claim must pertain to the validity of the plea.[22] "Collateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside this category are waivable."[23] The Court finds the last ground for petitioner's claim is waived because he only identifies issues that counsel could have appealed had the waiver in the plea agreement not applied. The mere fact that petitioner may have had appealable issues regarding his sentence does not, in itself, render the waiver unenforceable.[24]

The remaining grounds for petitioner's claim of ineffective assistance of counsel arguably concern the advice given to petitioner regarding the plea agreement. The Court will proceed to determine these issues under the two-part standard set forth in *Strickland*.

### 2. Counsel's Performance

Petitioner frequently refers to the fact that the Government either violated or withdrew from the plea agreement or plea negotiations. The Court construes these arguments as an attack upon the drug quantity ultimately attributed to the petitioner for sentencing purposes. First, there is no evidence that

---

[21] *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085, 122 S. Ct. 821, 151 L. Ed. 2d 703 (2002).

[22] *Id.* at 1187.

[23] *Id.*

[24] *Id.* at 1185.

the Government "withdrew" from its plea negotiations with the petitioner. Petitioner signed the plea agreement and assured the Court on the record that he agreed to and understood its terms. At that time, the Court explained to petitioner that all relevant conduct, charged and uncharged, may be considered when determining his appropriate sentence. The Court also advised the petitioner that despite either parties' recommendations, it alone would determine his sentence. The fact that the Court found that a higher drug quantity should be attributed to the petitioner does not mean that the Government violated the plea agreement. At the plea hearing, petitioner had been advised that this was possible.

Furthermore, even if petitioner's statement is true, that his counsel coerced him into signing the affidavit regarding his testimony at the sentencing hearing, that had no bearing on the Court's ultimate sentencing determination. The Court did not apply the obstruction of justice adjustment. Furthermore, counsel's attempt to correct testimony made under oath that contradicted earlier statements is not deficient performance under the *Strickland* test.

The record reveals that petitioner entered into the plea agreement armed with the information necessary to make a voluntary decision, taking into account the risk that he may be sentenced based on conduct the Court found to be relevant. Further, petitioner is unable to show that he would have pleaded not guilty but for his counsel's ineffectiveness. The petition to plead guilty, the plea agreement, and Petitioner's statements in open court at the hearing all support the fact that Petitioner knew his sentence could be based on all relevant conduct. The Court cured any defect in counsel's pre-plea agreement advice during its colloquy at the plea hearing.

In sum, petitioner's answers during the plea colloquy conducted by this Court on the record

show that he was informed as to the implications of pleading guilty.  Petitioner is "bound by his solemn declarations in open court" which contradict the statements in his brief.[25]  The record shows that Petitioner's claim of ineffective assistance of counsel does not result in the level of prejudice contemplated under the *Strickland* test.  Because the Court denies petitioner's motion, his request for appointment of counsel is moot.

    **IT IS THEREFORE ORDERED BY THE COURT** that petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 111) is **DENIED**.

    IT IS SO ORDERED.

    Dated this 31st  day of March 2005.

    S/ Julie A. Robinson  
    **JULIE A. ROBINSON**  
    **UNITED STATES DISTRICT JUDGE**

---

[25] *Lasiter v. Thomas*, 89 F.3d 699, 703 (10th Cir. 1996), *cert. denied*, 519 U.S. 998, 117 S Ct. 493, 136 L. Ed. 2d 386 (1996).