JJAR/sc

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MARIO MONDRAGON-AVILEZ,** )<br>**Defendant.** ) | Case No. 02-40114-04-JAR |

## MEMORANDUM AND ORDER

Defendant Mario Mondragon-Avilez filed a motion to produce audiotapes of his sentencing hearing. (Doc 118.)  In his motion, defendant asks the Court for copies of the court reporter's audiotapes because (1) the accuracy of the interpreter's translation may have significantly affected his sentencing and (2) the court reporter's audio-taped recordings are a part of the judicial record.  Because the Court finds defendant is not entitled to relief, the motion is denied.

**I.      Procedural Background**

On May 16, 2003, defendant pled guilty to Count 3 of the Indictment, distribution of a substance containing methamphetamine. (Doc. 58.)  The Court sentenced defendant on December 2, 2003 to 262 months imprisonment. (Doc. 98.)  Thereafter, defendant filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, which this Court denied. (Doc. 114.)  In defendant's § 2255 motion, he alleged that his counsel was ineffective and that his sentence should be vacated in light of the Supreme Court's decision in *Blakely v.*

*Washington*.[1]  Defendant also maintained that the Federal Sentencing Guidelines (the "Guidelines") violated the Sixth Amendment; therefore, his sentence was unconstitutional.

After defendant filed his motion, the Supreme Court decided *United States v. Booker*,[2] which struck down the mandatory nature of the Guidelines as incompatible with the Sixth Amendment.  Because neither *Blakely* nor *Booker* were retroactive to federal criminal cases, this Court denied defendant's motion.  Moreover, the Court denied defendant's ineffective assistance of counsel claim.  This Court found that the waiver of collateral attack in defendant's plea agreement barred him from challenging counsel's effectiveness for failing to appeal his sentence.  Also, defendant failed to show that counsel was ineffective during the negotiation of his plea.

Because defendant has once again raised issues pertaining to his sentencing hearing, the Court will briefly address events occurring at the hearing.  Defendant's sentencing hearing began on November 12, 2003.  He objected to the presentence report because it attributed a higher drug quantity to the defendant based on relevant conduct than the amount identified in the plea agreement.  During his testimony, defendant perjured himself by stating that he did not participate in any drug distribution, at which time the Court stated that it would consider applying an adjustment to defendant's offense level based on obstruction of justice.

On November 24, 2003, the Court imposed defendant's sentence.  Prior to the hearing, defendant submitted an affidavit correcting statements he made under oath at the November 12 hearing.  The Court did not apply an obstruction of justice adjustment to defendant's offense level, but did accept as reliable and accurate the information supporting the higher drug amount

---

[1] 542 U.S. 296 (2004).

[2] 543 U.S. 220 (2005).

attributed to defendant.  The Court overruled the objection regarding the drug quantity and assigned defendant an offense level of 37 and a criminal history category of III.  Under the Guidelines, the sentence range was 262-365 months.  The Court sentenced defendant to 262 months of imprisonment.

As to defendant's ineffective assistance of counsel allegation, he advanced four arguments: (1) counsel did not advise him to withdraw from the plea agreement when the Government "withdrew from plea negotiations;" (2) counsel coerced him into signing the affidavit retracting his testimony at his sentencing hearing; (3) the Government violated the terms of the plea agreement when it determined that defendant was not providing enough information about other offenses; and (4) counsel failed to appeal properly preserved issues.

The Court found defendant failed to meet the two-prong test for ineffective assistance of counsel set forth in *Strickland v. Washington.*[3]  First, defendant did not prove his counsel's performance was deficient because it "fell below an objective standard of reasonableness."[4]  Nor did defendant establish his counsel's deficient performance actually prejudiced his defense.  "In the context of a guilty plea, the prejudice prong requires a defendant to show that 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[5]

Now, defendant moves the Court to release audiotapes of his sentencing hearing held on November 12 and November 24, 2003.  Defendant seeks to obtain a copy of the court reporter's audiotapes in order to review his oral testimony.  Defendant alleges inaccuracies between his

---

[3]466 U.S. 668 (1984).

[4]*Id.* at 688.

[5]*United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

testimony and the translation of the court-appointed interpreter.  Defendant challenges the interpreter's translation because during the hearing, the interpreter switched between using first and third person rather than translating defendant's statements verbatim.  Defendant claims the interpreter's translation makes it difficult to determine whom defendant is referring to in his statements.  To illustrate the confusion resulting from the translation, defendant cites the following two instances in his testimony, in which the interpreter translated his statement as follows:

> He saying that he never had any drugs on him.  He said he never brought any drugs with him.  That everything he's saying is just lies and that he never possessed any drugs or any backpacks like he's claiming.[6]
>
> He's saying that he knew the guy.  And when he come down, he asked everybody if anybody knew about who was buying or selling drugs and that he had in his possession a bag.  But he doesn't know any farther than that.[7]

In both examples, defendant argues the interpreter's use of the personal pronoun, "he," makes it difficult to ascertain if defendant is referring only to himself or is also referring to another person.

Defendant insists that access to the audiotapes will resolve whether the accuracy of the interpreter's translation significantly affected his sentencing.  Because defendant testified to his involvement in the sale of drugs, he stresses the importance of having his responses be clearly understood.  To verify the accuracy of the interpreter's translation, defendant requests access to the court reporter's audiotapes in order to have his original testimony re-translated.  Defendant

---

[6](Doc. 96 at 9-10.)

[7](Doc. 96 at 13.)

argues that a court reporter's audio-taped recordings of a sentencing hearing are part of the judicial record. Therefore, defendant asserts his "common law right of access to federal judicial records."[8]

## II.     Analysis

In order to challenge the validity of his sentence, defendant seeks to obtain a copy of the court reporter's backup audiotapes from his sentencing hearing. Before addressing whether defendant has a right to access the court reporter's backup tapes, the Court will address whether defendant has waived his right to appeal and collaterally attack his sentence. Since defendant has already moved this Court for a motion under § 2255, the Court will also discuss the grounds for a successive motion under that statute.

### A.     Waiver of Appeal and Collateral Attack

On May 19, 2003, defendant entered into a plea agreement. (Doc. 58.) As stated in a previous order by this Court, defendant waived his right to collateral relief from his sentence when he entered into that plea agreement. (Doc. 114.) Defendant's plea agreement contained a waiver of appeal and collateral attack clause. The Court will enforce these waivers when they are explicitly stated in a plea agreement and when both the plea and waiver are made knowingly and voluntarily.[9] In defendant's case, the waiver was explicitly stated in the written plea agreement and defendant twice stated on the record that he understood that the plea agreement included this waiver. Moreover, he never challenged the voluntariness of his plea.

---

[8]*Smith v. United States District Officers*, 203 F.3d 440, 441 (7th Cir. 2000).

[9]*United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002).

### B.     No Grounds for a Successive Motion Under 28 U.S.C. § 2255

Although it is the province of the Tenth Circuit Court of Appeals to decide whether to grant a successive § 2255 motion, defendant fails to establish any grounds for such a motion.

In order to receive permission to file a second motion under § 2255, the defendant must show (1) newly discovered evidence or (2) a new rule of law.[10]  Defendant has shown neither. Instead, he simply challenges the court-appointed interpreter's translation of his testimony, which has been in existence since his November 2003 sentencing.  "A motion to reconsider is not appropriate if the movant only wants the court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally."[11]

### C.     Statute of Limitations for Motion Under 28 U.S.C. § 2255

Even if the Tenth Circuit granted a request to file a second § 2255 motion, such a motion would be time barred.  A defendant has a one year period of limitation to apply for relief under § 2255.[12]  The statute of limitations begins to run on "the date on which the judgment of conviction becomes final."[13]  On March 31, 2005, defendant's sentence became final when the Court denied his first motion under § 2255.  (Doc. 114.)[14]  Therefore, defendant is barred by the statute of limitation from challenging the circumstances surrounding his sentencing.

In addition to the date of final judgment, the statute of limitation may begin to toll "the

---

[10]*Id.*

[11]*U.S. v. Wacker*, 1998 WL 976311, 3 (D.Kan.1998).

[12]28 U.S.C. § 2255.

[13]28 U.S.C. § 2255(1).

[14]Even if defendant's motion to gain access to the tapes was deemed a § 2255 motion, it was filed after March 31, 2006, and would be time barred.

date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."[15] In his motion for production, defendant alleges the inaccuracy of the interpreter's translation may have affected his sentencing. The defendant was aware of the alleged inaccuracy of translation during the time of his testimony, and certainly before he was sentenced in November 2003. Yet, in his first motion under § 2255, defendant neglected to raise any concerns regarding the interpreter's translation. Because he failed to exercise due diligence to challenge facts known to him when he filed his first § 2255 motion, he is time barred from raising this issue now.

Because no relief can be accorded by this Court, the Court need not address the merits of defendant's request for the court reporter's backup audiotapes.

IT IS THEREFORE ORDERED that defendant's motion to obtain the court reporter's backup audiotapes of his sentencing hearings (Doc.118) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of September, 2006.

          S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[15] 28 U.S.C. § 2255(4).