IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**MARIO MONDRAGON-AVILEZ,** )<br>)<br>**Defendant.** )<br>_____ ) | Case No. 02-40114-04-JAR |

## MEMORANDUM AND ORDER

Defendant Mario Mondragon-Avilez filed a motion to reconsider (Doc. 121) this Court's Order denying his motion to produce audiotapes (Doc. 120). Defendant sought production of the court reporter's backup audiotapes of the sentencing hearing because he thinks the court interpreter inaccurately translated his testimony at the sentencing hearing, which may have significantly affected his sentencing. This motion of course did not seek relief from the sentence, but sought to discover the audiotapes, presumably so that defendant could use the tapes to gain relief from the sentence.

This Court denied the motion for production of the court reporter's audiotape. Notably, this Court concluded that "[b]ecause no relief can be accorded by this Court, the Court need not address the merits of defendant's request for the court reporter's backup audiotapes."[1]  This Court found that

---

[1] Notably, the audiotapes at issue were not original records of the court proceeding for which the parties would have a right of access. Rather, the audiotapes were merely the backup tapes made and used by the court reporter, who prepared a contemporaneous stenographic record of the proceeding. Generally, such backup audiotapes are the personal property of the court reporter, not an official judicial record, giving the parties no right of

even if the audiotapes showed that the interpreter inaccurately translated his testimony, no relief could be accorded to defendant. The primary reason that defendant cannot seek relief is that he waived his right to appeal or collaterally attack any matters concerning the prosecution or *sentence* in this case.[2] Thus, even if the audiotape showed that the interpreter inaccurately translated defendant's testimony at the sentencing hearing, defendant would not be entitled to relief.[3] This Court sentenced defendant to 262 months on Count 3 of the Indictment,[4] a sentence within the guideline range. Defendant specifically waived his right to appeal or collaterally attack such a sentence within the guideline range. And, defendant specifically waived his right to "challenge a sentence or manner in which it was determined in any collateral attack." Thus, even if the Court relied upon inaccurately translated testimony in sentencing defendant, he has waived his right to appeal or collaterally attack the sentence on that basis.

In its previous Order, this Court went on to find that even if defendant had not waived his

---

access. *Smith v. United States Dist. Court Officers*, 203 F.3d 440, 441–42 (7th Cir. 2000).

[2]The Plea Agreement, attached to the Petition to Enter Plea states in pertinent part,

> 9. Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence. By entering in to this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, U.S.C. § 2255, except to the extent that such a § 2255 claim is deemed unwaivable under the holding of *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.

(Doc. 58 at 14.)

[3]The defendant's assertion that this Court "mistakenly categorized" his motion as a §2255 motion, is apparently based on the defendant's misunderstanding of the Court's analysis and order.

[4]Judgment and Commitment Order (Doc. 98).

appellate and habeas rights, defendant had previously filed a § 2255 petition and was not entitled to file a successive petition, particularly when he raised an issue that he should have been aware of in his previous § 2255 action.  In any event, whether or not defendant was aware, at that time, of the alleged inaccurate translation, it is clear that he waived his right to pursue § 2255 relief on this basis.  The only basis on which he could pursue § 2255 relief was on a claim of ineffective assistance of counsel, which is the type of claim he in fact raised in his § 2255 action.  Defendant knowingly waived all other avenues of appellate or habeas relief.  Thus, it matters not, whether his concern about the interpreter's translation is newly discovered evidence, or whether the time has expired to file a second § 2255 motion based on allegedly newly discovered evidence.  Defendant is not entitled to relief, for he has waived any ability to challenge the sentence received, irrespective of whether this Court heard inaccurately translated testimony at the sentencing hearing.

      IT IS THEREFORE ORDERED that defendant's Motion for Reconsideration (Doc.121)  is DENIED.

IT IS SO ORDERED.

      Dated this  9th  day of November, 2006.

                                         S/ Julie A. Robinson  
                                        Julie A. Robinson  
                                        United States District Judge